IN RE PENNINGTON ET AL.

(No. 1690—Decided
August 5, 1988.)

*David E. Spears,* for appellants Cora and Fred Witten.

*Donald Taylor* and *Sarah Taylor,* appellees, *pro se.*

*Kenneth Porter,* for appellee Anthony Pennington.

ABELE, J. This is an appeal from a May 15, 1987 judgment by the Scioto County Court of Common Pleas, Juvenile Division, granting the maternal grandparents, Sarah and Donald Taylor, visitation rights with the two children (Crystal Michelle and Sharron Nicole Pennington) pursuant to R.C. 3109.11. The children's mother died following the 1980 birth of the younger child. The paternal grandmother and her husband, Fred and Cora Witten, adopted the children in 1984. The children's father, Anthony Pennington, consented to the adoption.

The Taylors and Pennington visited with the children up until the summer of 1986 when the Wittens decided to restrict visitation. The Taylors filed a September 1986 complaint for visitation pursuant to R.C. 3109.11. Pennington filed a September 18, 1986 motion to intervene in the Taylors' action.

The court held a October 29, 1986 hearing on the complaint and motion to intervene. On March 17, 1987, the court issued findings which noted that the Wittens' adoption of the children did not terminate any derivative visitation rights such as those of the maternal grandparents, the Taylors. The court accordingly found the Taylors have the right to visit with their grandchildren.

The court further found that Pennington's consent to the adoption terminated his paternal rights. The court noted that Pennington's current status as a "brother" to his children may give Pennington a right to visitation pursuant to R.C. 3109.05. The court, however, stated it would not grant Pennington visitation rights at that time.

The court journalized its findings in a May 15, 1987 judgment entry. The Wittens filed a timely notice of appeal from that entry.

We affirm.

Assignment of Error I

"The court erred in finding that the adoption of the two minor children by both an adoptive mother and adoptive father did not terminate the rights of the natural maternal grandparents and that pursuant to O.R.C. 3109.05 the court had authority and discretion to grant reasonable companionship and visitation rights to said maternal grandparents."

Appellants contend the court below failed to follow R.C. 3107.15, which provides that final decrees of adoption sever all legal relationships between the adopted people and their natural relatives. Appellants further contend that neither R.C. 3109.05(B) nor R.C. 3109.11 was applicable to the case at bar.

R.C. 3109.05(B) provides that in divorce actions, the court may grant visitation rights to "any other person having an interest in the welfare of the child." In the case at bar, the mother of the children died. No divorce occurred. We agree with appellants that R.C. 3109.05(B) has no application to the case at bar.

R.C. 3109.11 provides in full:

"If either the father or mother of an unmarried minor child is deceased, the relatives of such deceased person may be granted reasonable companionship or visitation rights to the minor

child during its minority by a court of competent jurisdiction upon a finding that such companionship or visitation rights would be in the best interests of the minor child."

Courts have granted grandparent visitation pursuant to R.C. 3109.11 despite arguments that the statute should not apply once the children have been adopted by a stepparent. See *Graziano* v. *Davis* (1976), 50 Ohio App. 2d 83, 4 O.O. 3d 55, 361 N.E. 2d 525; *In re Thornton* (1985), 24 Ohio App. 3d 152, 24 OBR 241, 493 N.E. 2d 977. Appellants contend that, since in the case at bar the children have been adopted by a paternal grandparent and her husband rather than by a stepparent, visitation should not be permitted under R.C. 3109.11. We disagree.

In *Graziano, supra,* the court surveyed other states with statutes similar to R.C. 3109.11 and 3107.15. *Graziano* noted that while some courts insist that an adoption terminates all rights of a deceased parent's parents, other courts grant visitation on a case-by-case basis. *Graziano* held that a case-by-case approach better serves the interests of the children involved:

"The primary purpose of R.C. 3109.11 is to serve the best interest of the child — any rights to the relatives are subservient to that purpose * * *. Taking the best interest of the child as the guiding principle, they are better served by the exercise of judicial discretion on a case-by-case basis than by the rule that stepparent adoption terminates visitation by relatives regardless of the prior relationships, age of the child, existent natural regard and affection, and possible future benefits. We feel that Ohio should adopt a more flexible rule." *Id.* at 91, 4 O.O. 3d at 60, 361 N.E. 2d at 530.

We believe the *Graziano* rationale applies with equal force to the situation at bar where the surviving parent consents to an adoption by his mother and her husband rather than to an adoption by his new spouse. A case-by-case approach is far superior to a blanket rule prohibiting visitation with the other set of grandparents.

Other recent cases lend additional support to our position. In *In re Griffiths* (1975), 47 Ohio App. 2d 238, 1 O.O. 3d 307, 353 N.E. 2d 884, the court held that, in general, grandparent visitation is in a child's best interests. In *Welsh* v. *Laffey* (1984), 16 Ohio App. 3d 110, 113, 16 OBR 117, 120, 474 N.E. 2d 681, 684, the court applied the logic of *Graziano* to permit paternal grandparent visitation where the father had not died, but had disappeared. In *Hollingsworth* v. *Hollingsworth* (1986), 34 Ohio App. 3d 13, 16, 516 N.E. 2d 1250, 1253, the court noted that the state, by virtue of its police power and the doctrine of *parens patriae,* may order grandparent visitation.

We must now ask whether the court below correctly concluded that visitation with the maternal grandparents was in the best interests of the children in the case at bar. We think so. The record reveals that the children, born in 1978 and 1980, visited with the maternal grandparents until 1986. The children's natural father and the maternal grandparents are on good terms. Appellant Fred Witten testified he has nothing against the maternal grandparents. They have a nice home and love the children.

Appellants' assignment of error is overruled.

### Assignment of Error II

"The court erred in finding that Anthony Pennington, the biological father of said children, has the right to visit and have a family-type relationship with said children after the adoption of the children by both an adoptive mother and an adoptive father."

Appellants filed a notice of appeal from the court's May 15, 1987 judgment entry. Our review of the May 15,

1987 judgment entry reveals the court declined to grant Pennington visitation rights. Accordingly, we find no merit to appellants' second assignment of error.

While appellants contend the court granted Pennington visitation in a September 1987 judgment entry, the record transmitted on appeal contains no such judgment entry and no notice of appeal from such judgment entry.

Appellants' assignment of error is overruled.

*Judgment affirmed.*

GREY, P.J., concurs.

STEPHENSON, J., concurs separately.

STEPHENSON, J., concurring. I concur in the judgment and opinion affirming the judgment of the trial court, but would add the following with respect to appellants' first assignment of error. Appellants assert that their adoption of the children herein divested all other people, including appellees, of their legal rights to the children, including their right to visitation.

The Supreme Court of Ohio has recently held that grandparents may be granted visitation rights under R.C. 3109.11 and 3109.05(B) if the trial court finds that such visitation is in the child's best interests. *In re Whitaker* (1988), 36 Ohio St. 3d 213, 522 N.E. 2d 563, paragraph one of the syllabus. In so holding, the court noted at 217, 522 N.E. 2d at 567, fn. 4:

"The facts of this case do not present us with the opportunity to address another important issue that sometimes arises in these cases, *i.e.,* whether adoption of a child by a stepparent divests grandparents of visitation rights. Two Ohio appellate courts, however, have addressed this question and held that adoption by a stepparent does not terminate the power of a court to determine visitation rights in grandparents. These appellate courts have held that such an adoption is merely a factor the trial court must consider in determining the best interest of the child. See *Welsh* v. *Laffey* (1984), 16 Ohio App. 3d 110, 16 OBR 117, 474 N.E. 2d 681; *Graziano* v. *Davis* (1976), 50 Ohio App. 2d 83, 4 O.O. 3d 55, 361 N.E. 2d 525." See, also, *In re Thornton* (1985), 24 Ohio App. 3d 152, 24 OBR 241, 493 N.E. 2d 977.

Although the Supreme Court has thus failed to address such issue, I agree with the majority opinion that the rationale presented by cases such as *Graziano, supra,* provides a logical solution to this problem and should apply with equal force to grandparent adoptions. For the foregoing reasons, I concur in the judgment and opinion.