[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 1224.]

THE STATE EX REL. SUDLOW ET AL. *v.* HANCOCK COUNTY BOARD OF COMMISSIONERS.

[Cite as *State ex rel. Sudlow v. Hancock Cty. Bd. of Commrs.*, 2001-Ohio-1612.]

*Mandamus sought to compel respondent to appoint to Hancock County Board of Mental Retardation and Developmental Disability a relative of a person eligible for and currently receiving services—Motion for leave to intervene granted—Cause dismissed without prejudice, when.*

(No. 01-709—Submitted September 18, 2001—Decided November 14, 2001.)

IN MANDAMUS.

ON MOTION FOR LEAVE TO INTERVENE.

_____

{¶ 1} On Return to Regular Docket, S.Ct.Prac.R. X(5) determination, respondent's motion for judgment on the pleadings, relators' motion to strike, and motion of JoAnn Reeds for leave to intervene. Upon consideration,

{¶ 2} IT IS ORDERED that the motion of JoAnn Reeds for leave to intervene be, and hereby is, GRANTED.

{¶ 3} IT IS FURTHER ORDERED that relators' remaining claims be dismissed without prejudice for failure to file a complaint or petition and for failing to comply with S.Ct.Prac.R. X(4)(B). See, *e.g.*, *State ex rel. Bealler v. Ohio Adult Parole Auth.* (2001), 91 Ohio St.3d 36, 37, 740 N.E.2d 1100, 1102; *State ex rel. Shemo v. Mayfield Hts.* (2001), 92 Ohio St.3d 324, 750 N.E.2d 167.

MOYER, C.J., RESNICK, PFEIFER and COOK, JJ., concur.

DOUGLAS, F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 4} The majority dismisses this cause pursuant to S.Ct.Prac.R. X(4)(B) because relators improperly filed an "Application For Writ of Mandamus" instead of a "petition" as required by R.C. 2731.04, and because the affidavit of relators' counsel states that it is based upon "information and belief" instead of "personal knowledge." Because I believe that dismissal for these reasons would, in effect, be elevating form over substance, I respectfully dissent.

{¶ 5} It appears that, in all respects other than the title, the relators' initial pleading adequately sets forth their request for relief. However, instead of entitling the document a "complaint" or "petition," relators called it an "application." I believe that this defect alone should not result in dismissal. I believe that the terms "application" and "petition" are interchangeable and the use of the word "application" should not render the pleading fatally defective. R.C. 2731.04 sets forth the requirement that "[a]pplication for the writ of mandamus must be by petition." Nevertheless, the title of the statute, although not part of the law itself, is "Application for writ." This is a clear indication that to "petition" is the same as to "apply" for a writ.

{¶ 6} The interchangeable nature of these words is apparent from several definitions. "Petition" is defined as a "formal written *request* presented to a court." "Application" is defined as a "*request* for an order not requiring advance notice and an opportunity for a hearing before the order is issued." To "apply" means to "make a formal *request* or motion." (Emphasis added.) Black's Law Dictionary (7 Ed.1999) 1165, 96. Again, I believe that any distinction between these terms is minor and should not be considered a fatal flaw. In contrast to R.C. 2731.04, both S.Ct.Prac.R. X(4)(A) and Civ.R. 7(A) provide that an original action, including a mandamus action, be instituted by the filing of a "complaint." Neither rule mentions the word "petition."

{¶ 7} I also do not agree that relators' affidavit failed to comply with S.Ct.Prac.R. X(4)(B), which requires that "[a]ll complaints * * * shall be supported by an affidavit of the relator or counsel specifying the details of the claim." Here, Stephen P. Postalakis, counsel for relators, submitted an affidavit in which he asserts facts that "are true to the best of his information and belief." Because he did not use the words "personal knowledge," the majority finds that the affidavit is facially defective and cannot support the claim for relief.

{¶ 8} Neither R.C. 2731.04 nor S.Ct.Prac.R. X(4)(B) mandates use of the words "personal knowledge" in the affidavit. So long as the affidavit sets forth the details of the claim, including facts that would be admissible in evidence, and shows affirmatively that the affiant is competent to testify to those facts, I believe that the affidavit should be deemed sufficient. See *State ex rel. Sekermestrovich v. Akron* (2001), 90 Ohio St.3d 536, 538, 740 N.E.2d 252, 254, citing *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379, 384, 700 N.E.2d 12, 17. I believe that the Postalakis affidavit adequately sets forth factual details of the claim that are based upon his personal knowledge, despite the fact that he did not use those words in the document. He was personally involved with the matters addressed in his affidavit.

{¶ 9} It has long been a fundamental principle of judicial review in Ohio that courts should decide cases on their merits, not on minor or technical violations. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414, 667 N.E.2d 1220. "Fairness and justice are best served when a court disposes of a case on the merits. Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds." *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 193, 23 O.O.3d 210, 213, 431 N.E.2d 644, 647.

{¶ 10} Consequently, I would not dismiss and instead would review the case on the merits.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

————————————

*Blaugrund, Herbert & Martin, Inc., David S. Blaugrund, David S. Kessler* and *Stephen P. Postalakis*, for relator.

*Robert A. Fry*, Hancock County Prosecuting Attorney, and *Mark C. Miller*, Assistant Prosecuting Attorney, for respondent.

————————————