DECISION AND JUDGMENT ENTRY
Candice Meadows appeals the dismissal of her motion for visitation with Nathaniel Michael Wise by the Lawrence County Court of Common Pleas, Probate Division. She argues that, contrary to the trial court's finding, the trial court had authority to consider her motion for visitation. We disagree because, pursuant to R.C. 3107.15, the trial court did not have jurisdiction or statutory authority to grant visitation to relatives of biological parents whose rights have been terminated by an adoption decree. Accordingly, we affirm the judgment of the trial court.
 I.
Reba Wise adopted Nathaniel with the consent of Nathaniel's parents, John and Stephanie Wise. Reba Wise is Nathaniel's paternal grandmother and Meadows is Nathaniel's maternal grandmother. Shortly before the final decree of adoption, Meadows filed a motion for visitation with Nathaniel and his brother, Christopher.[1] The trial court dismissed Meadow's motion.
Meadows appeals and assigns the following error.
 "The trial court erred as a matter of law and abused its discretion by dismissing the petitioner/appellant's motion denying the petitioner, the maternal grandmother[,] the opportunity to seek visitation after the grandchild was adopted by consent of both parents by the paternal grandparent."
 II.
In her only assignment of error, Meadows argues that the trial court had the authority to consider her motion for visitation. She relies uponBente v. Hill (1991), 73 Ohio App.3d 151, 596 N.E.2d 1042, and In rePennington (1988), 55 Ohio App.3d 99, 562 N.E.2d 905.
In Bente, the paternal grandparents sought visitation with their grandchild who had been adopted by her stepfather without objection by her father. The Twelfth District Court of Appeals upheld the trial court's grant of visitation by the grandparents and held that a domestic relations court retains jurisdiction to determine visitation issues under a consideration of the best interests of the child, in spite of an adoption. Bente at 156-157.
In Foor v. Foor (1999), 133 Ohio App.3d 250, the Twelfth District Court of Appeals held that the Ohio Supreme Court had impliedly overruledBente by its holdings in In re Ridenour (1991), 61 Ohio St.3d 319 (R.C.3107.15 does not permit visitation by grandparents after their grandchild is adopted by strangers because the grandparents' legal relationship with their grandchild is terminated by the adoption) and In re Martin (1994),68 Ohio St.3d 250 (R.C. 3107.15 does not distinguish between adoptions by strangers and nonstrangers; therefore, grandparents cannot seek visitation after their grandchildren have been adopted by relatives. We find the Foor court's analysis persuasive, and, like the Foor court, refuse to apply Bente as controlling precedent. See Foor at 255. Thus, we find Meadows' arguments concerning Bente unpersuasive.
In the second case Meadows cites, Pennington, we relied upon R.C. 3109.11
to uphold the trial court's grant of visitation rights of grandparents to visit their deceased daughter's children who had been adopted by their paternal grandparents. In doing so, we commented that "[a] case-by-case approach is far superior to a blanket rule prohibiting visitation with the other set of grandparents." Pennington at 101. We find Pennington
inapposite to this case because the trial court's authority to grant visitation was based upon R.C. 3109.11, which only applies when the parent of the adopted child at issue is deceased, and both of Nathaniel's parents were alive when Meadows sought visitation.
"R.C. 3107.15(A) provides that a final decree of adoption issued by an Ohio court has the effect of terminating all parental rights of biological parents and creating parental rights in adoptive parents."State ex rel. Kaylor v. Bruening (1997), 80 Ohio St.3d 142, 145, citingState ex rel. Smith (1996), 75 Ohio St.3d 418, 419; In re Adoption ofGreer (1994), 70 Ohio St.3d 293, 298. R.C. 3107.15 states:
 "A final decree of adoption * * * as issued by a court of this state * * * shall have the following effects as to all matters within the jurisdiction or before a court of this state * * *:
 "(1) Except with respect to a spouse of the petitioner and relatives of the spouse, to relieve the biological or other legal parents of the adopted person of all parental rights and responsibilities, and to terminate all legal relationships between the adopted person and the adopted person's relatives, including the adopted person's biological or other legal parents, so that the adopted person thereafter is a stranger to the adopted person's former relatives for all purposes * * *."
R.C. 3107.15 divests courts of jurisdiction or statutory authority to "grant visitation to relatives of biological parents whose rights have been terminated by an adoption decree." Kaylor at 145-146, citing Sweeneyv. Sweeney (1994), 71 Ohio St.3d 169, 170; In re Adoption of Ridenour
(1991), 61 Ohio St.3d 319, 325; In re Adoption of Zschach (1996),75 Ohio St.3d 648, 652 and fn. 2; Krnac v. Starman (1992),83 Ohio App.3d 578, 580-581; Farley v. Farley (1992), 85 Ohio App.3d 113,117.
"R.C. 3107.15(A)(1) does not distinguish between parents and other relatives in terminating relations to the adopted person." Kaylor at 146, citing Martin at 254. Nor does R.C. 3107.15(A)(1) distinguish between strangers and nonstrangers to the adopted children, except in instances of stepparent adoption.[2] See Martin at 254 ("With respect to appellees' argument that in determining grandparent visitation rights a distinction should exist between adoptions by strangers and nonstrangers * * * we discern no mandate or suggestion to make such a distinction in any of the relevant Ohio statutes, especially R.C. 3107.15
* * *.").
The Ohio Supreme Court has repeatedly acknowledged the public policy arguments raised by Meadows in support of granting grandparent visitations in nonstranger adoptions, but has continued to hold that grandparent visitation rights are purely statutory in nature, Martin, Inre Whitaker (1988), 36 Ohio St.3d 213, 214; Ridenour, and that any changes to the rights of grandparents to visitation must be enacted by the legislature.
Thus, we find that the trial court did not err in dismissing Meadow's motion for visitation with Nathaniel because R.C. 3107.15(A) divested the trial court of jurisdiction to grant visitation rights to Meadows once Reba Wise adopted him. Accordingly, we overrule Meadows' only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Meadows filed the same motion in two different cases. Apparently, the trial court was also considering matters related to Nathaniel's brother, Christopher. However, our review is limited to the case appealed, i.e., Nathaniel's case.
[2] R.C. 3107.15 was amended by Am.Sub.S.B. 180 of the 123rd General Assembly to limit the applicability of R.C. 3107.15 to requests by grandparents for visitation pursuant to R.C. 3109.11 in cases of stepparent adoptions. Obviously, this section does not apply in this case because Nathaniel was not adopted by a stepparent.