OPINION
{¶ 1} Plaintiff-appellant, Larry R. Tunison ("appellant"), filed a complaint in the Court of Claims of Ohio against defendant-appellee the Attorney General of Ohio[1]
("appellee"), alleging negligent performance of a sworn duty and intentional infliction of emotional distress. After a trial, the Court of Claims entered a verdict in favor of appellee. For the reasons that follow, we affirm the judgment of the Court of Claims.
 {¶ 2} The evidence produced at trial showed that appellant was involved in a business venture with Norman Mease ("Mease") and Ronald Hughes ("Hughes"), who are not parties to this action. Appellant claims that, in December 2000, Mease absconded with money and property rightfully belonging to appellant, and that Mease failed to pay appellant for a year of labor. Appellant claims these losses amounted to approximately $85,000. Shortly thereafter, Mease filed a complaint with the local police department alleging that appellant forged Mease's name to a business incorporation document that had been filed with the Secretary of the State of Ohio.
 {¶ 3} After receiving Mease's complaint, the local police department contacted the Bureau of Criminal Investigation and Identification ("BCI"), a division of the office of the Attorney General of Ohio, for assistance. In February 2001, BCI agent Rhonda Dendinger ("Dendinger"), and local police officer Terry Botdorf ("Botdorf"), interviewed appellant. Before the interview began, appellant told Dendinger he was afflicted with bipolar disorder and that he had just taken medication.[2] During the interview, appellant acknowledged signing Mease's and Hughes' names, but claimed he did so with their permission. Appellant also claimed his actions were not undertaken with a purpose to defraud.
 {¶ 4} Dendinger concluded that Mease's signature appeared to have been affixed by someone other than Mease, and reported the results of her investigation to the county prosecutor. The county prosecutor exercised his discretion and declined to prosecute Mease's complaint, deeming it to be more civil than criminal in nature. It was also determined that there was insufficient evidence to sustain a conviction, and no forgery charge was ever filed against appellant.
 {¶ 5} At oral argument, appellant contended that, when a person appears pro se, the court takes upon itself the constitutional responsibility to keep the playing field level when facing a party who is represented by counsel. However, parties "`who choose to represent themselves in judicial proceedings are entitled to no greater constitutional protections than those who choose to be represented by counsel.'" FranklinCty. Dist. Bd. of Health v. Sturgill (Dec. 14, 1999), Franklin App. No. 99AP-362, quoting Justice v. Kolb (June 3, 1980), Franklin App. No. 79AP-768.
 {¶ 6} The same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel. State ex rel. Fuller v. Mengel,100 Ohio St.3d 352, 354, 2003-Ohio-6448. While we give appellant every consideration as we review his claim for relief, we do not give him extra consideration simply because he has chosen to exercise his right to represent himself. Meyers v. First Natl.Bank (1981), 3 Ohio App.3d 209, 210. The court simply cannot act as appellate counsel for pro se litigants, as doing so would be inherently unjust to the adverse party. State ex rel. Karmasu v.Tate (1992), 83 Ohio App.3d 199, 206. Just as a party who chooses to represent himself will certainly accept any benefits that result, he must also accept the results of his own mistakes or omissions. Meyers, supra.
 {¶ 7} As we apply procedural rules to all parties equally, whether represented by counsel or not, it is also a fundamental principle of judicial review in Ohio that courts should decide cases on their merits, rather than on procedural grounds, whenever possible. State ex rel. Sudlow v. Hancock Cty. Bd. ofCommrs. (2001), 93 Ohio St.3d 1224, 1226. Appellee correctly notes in its brief that appellant's brief does not set out specific assignments of error for our review and argue them separately, as App.R. 16(A)(3) and 12(A)(2) require. However, appellee has not asked us to strike the brief and has attempted to address the merits of appellant's claims. Therefore, in the interest of justice, we will discuss the general issues in appellant's brief, guided by his presentation at oral argument. See, e.g., Dailey v. R J Commercial Contracting, Inc., Franklin App. No. 01AP-1464, 2002-Ohio-4724.
 {¶ 8} We begin our analysis by setting forth the appropriate standard of review. Determining the credibility of witnesses and the relative weight of their testimony are exclusively within the province of the trier of fact, who in this case is the trial judge. "* * * [T]the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. Thus, judgments which are supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 9} Appellant claims appellee was negligent by continuing to question him after learning he was afflicted with bipolar disorder. In a negligence action, an appellant must prove by a preponderance of the evidence that the appellant, "not only had a duty to the plaintiff, but that defendant's breach of that duty was the proximate cause of any injuries suffered by the plaintiff." Dillhoff v. Dept. of Transp. (May 19, 1988), Franklin App. No. 88AP-124; Jones, Stranathan Co. v. Greaves
(1874), 26 Ohio St. 2, 4.
 {¶ 10} Appellant alleges appellee violated a duty it owed him pursuant to R.C. 2305.43. R.C. 2305.43 sets forth when a law enforcement officer has a heightened duty toward a disabled person. A disabled person is a person in "the condition of being unconscious, semiconscious, incoherent, or otherwise incapacitated to communicate." R.C. 2305.41(A) and (B).
 {¶ 11} Dendinger testified at trial that, appellant appeared to be communicating clearly and coherently, and that she treated appellant professionally. She further testified that appellant was informed he was free to leave the interview at any time. Appellant confirmed at trial that he did leave the interview at the point at which he became uncomfortable. At oral argument, appellant stated he is "high-functioning," and that to the untrained observer he may well appear normal.
 {¶ 12} Under these facts, appellant could only have satisfied the definition of "disabled person," pursuant to R.C. 2305.41(B) if he had been incoherent or otherwise incapacitated to communicate. The trial court heard evidence that appellant was able to communicate clearly and coherently and appeared to be functioning normally. Since appellant did not appear incoherent or otherwise incapacitated to communicate, he did not fall within the statutory definition of "disabled person," and, therefore, appellee owed appellant no heightened duty within the purview of R.C. 2305.43. Thus, the trial court did not err in finding appellant failed to sustain his burden of proof on this issue.
 {¶ 13} Appellant further alleges that appellee was negligent because it "did not investigate for the truth." (Brief of Appellant, at 9.) More accurately stated, appellant contends appellee should have continued its investigation until it proved that appellant was innocent of Mease's forgery claim. Appellant claims that by "unilaterally" deciding not to prosecute, appellee deprived him of his right to clear his name.
 {¶ 14} A prosecuting attorney has wide discretion in determining whether the public is best served by instituting criminal proceedings, and will not be compelled to prosecute a complaint except where the failure to prosecute constitutes an abuse of that discretion.[3] State ex rel. Master v.Cleveland (1996), 75 Ohio St.3d 23, 27. An abuse of discretion connotes a decision that is objectively unreasonable, arbitrary, or unconscionable. Gen. Motors Corp. v. Tracy (1995),73 Ohio St.3d 29, 32. A decision not to prosecute a criminal complaint is generally not subject to judicial review. State ex rel. Murr v.Meyer (1987), 34 Ohio St.3d 46.
 {¶ 15} A finding of "not guilty" in a criminal trial is not equivalent to a finding that the accused is actually innocent.Walden v. State (1989), 47 Ohio St.3d 47, 51-52. State ex rel.Parker v. Tate (Mar. 30, 1999), Belmont App. No. 98-BA-45, affirmed (1999), 86 Ohio St.3d 625. Had appellant actually been charged with forgery, an acquittal would only have shown that the state did not prove its case beyond a reasonable doubt. Thus, a trial would not have proven appellant was innocent and would not have "cleared" appellant's name. Based on the information provided to him, the prosecutor chose not to institute a criminal forgery prosecution of appellant. We find no abuse of discretion by appellee in its decision to cease its investigation. Appellant's claim that he was denied due process because he was not prosecuted is not well-taken.
 {¶ 16} Appellant's common theme throughout his brief and at oral argument is that he did not receive a fair trial before the Court of Claims. Appellant alleges the Court of Claims deprived him of due process by failing to order the attendance of subpoenaed witnesses Lanny Hopkins ("Hopkins") and Collette Mease ("Mrs. Mease") at trial, failing to compel discovery, and failing to wait until a transcript was prepared before rendering a verdict. A trial judge has broad discretionary authority over discovery matters. An appellate court will not reverse a discovery ruling absent a showing that the trial court abused its discretion by acting unreasonably, unconscionably, or arbitrarily. Bozeman v. Wendy's Intern., Inc. (Aug. 21, 2001), Franklin App. No. 01AP-112.
 {¶ 17} Hopkins and Mrs. Mease were properly subpoenaed but did not appear at trial. According to the trial transcript, appellant called Hopkins to testify. In Miller v. Miller (Aug. 21, 1980), Franklin App. No. 80AP-168, we explained:
A reviewing court cannot rule upon the exclusion of evidence by the trial court unless the rejected evidence has been made a part of the transcript of proceedings or record. Mingo Junction v.Sheline (1935), 130 Ohio St. 34.
Here, appellant made no attempt to proffer into the record what the excluded evidence would have tended to prove. * * * Therefore, this court cannot determine whether the exclusion or the testimony would constitute prejudicial error.
See, also, Galloway v. Unemp. Comp. Bd. of Review (July 5, 1990), Summit App. No. C.A. 14404 (issue not preserved for appeal where, at hearing, appellant did not object to failure to enforce subpoena and did not proffer what he believed the evidence would have shown). Here, appellant did not make an offer of proof into the record, stating what he expected the testimony of either Hopkins or Mrs. Mease would have been. In the absence of such a proffer, we cannot say the court abused its discretion by allowing the trial to proceed without their testimony.
 {¶ 18} Appellant claims he received incomplete discovery responses from appellee the night before trial. Appellant did not inform the trial judge, and has not informed this court, what evidence he did not receive, how it would have been relevant or how its late disclosure caused him harm. Consequently, we are unable to determine that the trial court abused its discretion by not compelling the production of discovery.
 {¶ 19} On October 10, 2002, approximately two months after trial, but before verdict, appellant asked the court to reopen the hearing and require Mrs. Mease to appear. The court construed his motion as one seeking a new trial, pursuant to Civ.R. 59(A), and journalized an entry denying the motion as premature because no verdict had been rendered. Appellant's motion did not contain a proffer of the substance or relevance of Mrs. Mease's testimony. Appellant did not renew his motion after judgment was entered, as Civ.R. 59(B) allows. Therefore, the trial court did not abuse its discretion when it overruled appellant's motion to reopen the hearing.
 {¶ 20} Finally, appellant claims the trial judge ignored evidence and erred by relying only on his trial notes and memory in rendering a verdict. There is no legal authority for appellant's assertion that a finder of fact must wait for a trial transcript to be prepared before rendering a verdict. The court's decision recites the facts as it determined them to be, sets forth the applicable law, and applied the law to the relevant facts. The fact that the trial judge rendered a verdict unfavorable to appellant does not mean evidence was ignored. Appellant's claim of error on this basis is not well-taken.
 {¶ 21} We have reviewed the entire record below and have fully considered the issues appellant has raised on appeal. We find no error in the judgment by the Court of Claims, either as it applied the law to the facts or in its procedural handling of the rights of the parties. The judgment of the Court of Claims is supported by the evidence, is not against its manifest weight, and comports with constitutional due process standards. Accordingly, we overrule the issues presented in appellant's brief, and affirm the judgment of the Court of Claims.
Judgment affirmed.
Bryant and Petree, JJ., concur.
[1] In addition to appellee, appellant also named the Richland County Prosecutor, an individual employee of appellee, two police officers and the law director for the village of Plymouth, Ohio, and the police department and village of Plymouth as defendants. The Court of Claims has exclusive original jurisdiction over the state itself, but not its political subdivisions. R.C.2743.01(A); 2743.02(E). Accordingly, all defendants except appellee were dismissed as parties pursuant to a July 31, 2001 order by the Court of Claims.
[2] The record does not disclose what specific medication appellant had taken or the dosage.
[3] Among the many factors a prosecutor may consider are the extent of harm caused by the offense and any possible improper motives of a complainant. State ex rel. Tipton v. Schisler
(Sept. 25, 1991), Scioto App. No. 90CA1926. Additionally, a prosecutor may not institute criminal charges when he knows or it is obvious that the charges are not supported by probable cause. DR 7-103(A).