[Cite as *In re P.P.*, 2013-Ohio-4988.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| P.P., | : | No. 13AP-140 |
| | | (C.P.C. No. 10JU-04-5340) |
| (P.P., Jr., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on November 12, 2013

*Hillard M. Abroms*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

SADLER, J.

{¶ 1} Defendant-appellant, P.P., Jr., the father and custodian of minor child P.P, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which found him in contempt of court for failing to comply with the court's agreed upon visitation entries of April 21 and November 30, 2011. For the following reasons, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} This case arose upon P.P.'s maternal relatives,[1] D.S., the maternal grandfather, P.M., J.S., and H.S, filing a request for visitation with the minor child P.P., subsequent to the passing of P.P.'s mother. A review of the record reveals the parties entered into an agreed entry journalized April 21, 2011. The agreed entry incorporated the parties' plan for visitation with the maternal relatives, as well as the requirements of appellant, in facilitating the visitation.

---

[1] The maternal relatives did not file an appellee brief in this matter.

{¶ 3} On July 11, 2011, the maternal relatives filed a motion to hold appellant in contempt of court for allegedly failing to adhere to the requirements of the April 21, 2011 agreed entry. A contempt hearing was scheduled for July 7, 2011, but was ultimately cancelled upon the filing of an "agreed entry in settlement of contempt motion filed 07/11/2011," which resolved the issue by scheduling makeup visitations. The agreed entry incorporated the schedule for makeup visitation with the maternal relatives, as well as the requirements of appellant, in facilitating the visitation.

{¶ 4} On February 24, 2012, the maternal relatives filed another motion to hold appellant in contempt of court. The parties did not resolve the motion, and the issue was tried to a magistrate on June 4, 2012. At the hearing, appellant did not dispute that P.P. missed the scheduled visitations. Rather, appellant testified that a non-party, his wife, S.P., and newly adoptive stepparent of P.P., was the cause of the missed visitations. According to appellant's written closing argument, he does not refute that he failed to facilitate the agreed and ordered visitation between P.P. and the maternal relatives, but argued that, subsequent to the issuance of the judgment entries at issue, S.P., exercising her parental rights, refused to allow P.P. to visit with the maternal relatives making him unable to comply with the court orders.

{¶ 5} The magistrate found appellant in contempt of court. Appellant was sentenced to seven days in jail, suspended with the opportunity to purge his contempt by facilitating makeup visitations. Appellant requested by motion that the magistrate make specific findings of facts and conclusions of law pursuant to Civ.R. 53(D)(3)(a)(ii). The magistrate denied the motion, and the trial court adopted the decision. Appellant filed objections to the magistrate's decision without findings of fact or conclusions of law being issued. Prior to the court issuing a decision on the objections to the magistrate's decision, the parties filed an agreed entry on November 29, 2012, in which the parties agreed to waive oral argument and agreed for the trial court to issue a written decision with findings of fact and conclusions of law.

{¶ 6} Appellant's objections were interpreted by the trial court to assert "the Magistrate's Decision is against the manifest weight of the evidence and contrary to law. Specifically, Respondent Father's actions were 'not contumacious, rather yielding to, and subject to, the wishes and decision of the co-custodial parent.' " (Jan. 23, 2013 Decision

and Judgment Entry, 3.)   In overruling appellant's objections and affirming the magistrate's decision, the trial court relied upon R.C. 3109.11 and held "despite the step-parent adoption of [P.P.] by [appellant's] wife, the Agreed Judgment Entry of April 21, 2011, remains a valid and enforceable court order," and "[t]he record also reflects by clear and convincing evidence that [appellant] did not comply with the order."  (January 23, 2013, Decision and Judgment Entry, 5.)  This appeal followed.

## II.  ASSIGNMENTS OF ERROR

{¶ 7}   Appellant brings the following assignments of error for our review:

[I.]  Whether the Court committed prejudicial error when it did not order the Magistrate to make specific findings of fact and conclusions of law based upon which Appellant could prepare and file objections.

[II.]  Whether the Court committed prejudicial error when it did not conduct a de novo evidentiary hearing to determine Appellant's (A) ability or inability to comply with the order of the Court; (B) Possibility or impossibility to comply with the order of the Court.

[III.]  Whether Appellees' failed to make/add Appellant's wife, [S.P.] (pursuant to her post order/step-parent adoption of the minor child) an additional party prevented the Court from effectively enforcing its order and thus prejudice Appellant.

[IV.]  Whether the Court committed prejudicial error in determining Appellant's ability to comply contrary to current law as it relates to inability and/or impossibility regarding compliance of a Court order as a defense to an assertion of Contempt.

[V.]  Whether the Domestic Relations Court is in conflict with Franklin County Probate Court's decision granting [S.P.'s] Step Parent Adoption petition.

## III.  DISCUSSION

### A.  First Assignment of Error

{¶ 8}   In appellant's first assignment of error, he asserts that the trial court committed prejudicial error by not ordering the magistrate to make findings of fact and conclusions of law in the contempt proceeding.  We disagree.

{¶ 9}   Appellant argues generally that Civ.R. 53 required the magistrate, upon his request, to issue findings of fact and conclusions of law.[2]  Before considering the merits of appellant's argument, we must first determine whether the November 29, 2012 agreed entry waived this issue on appeal.

{¶ 10} The incorporation of a contested issue into an agreed entry constitutes waiver of that issue on appeal unless specifically preserved by the objecting party.  *See Huffer v. Huffer*, 10th Dist. No. 09AP-574, 2010-Ohio-1223, ¶ 13 (holding appellant waived assigning as error on appeal the substance of the temporary orders by agreeing to incorporate their modification into an agreed entry); *see also Blinder, Robinson & Co., Inc. v. Ohio Dept. of Commerce*, 10th Dist. No. 89AP-712 (Mar. 22, 1990) (holding appellant effectively waived the issue on appeal when he failed to timely object and then stipulated to a resolution of the matter by way of an agreed entry).

{¶ 11} In this case, appellant requested the magistrate make findings of fact and conclusions of law pursuant to Civ.R. 53.  The magistrate denied this request.  Appellant did not subsequently motion the trial court to order the magistrate to make such findings.  Rather, in an agreed entry filed on November 29, 2012, appellant agreed that, because the magistrate was not required to make findings of fact and conclusions of law, the trial court would make findings of fact and conclusions of law in its written decision.  The record does not indicate appellant objected to or requested that the issue be preserved for appeal.  Consequently, because appellant agreed to the trial court making findings of fact and conclusions of law in its written decision, we find appellant waived this issue on appeal; therefore, we need not address the merits of his argument.

{¶ 12} Accordingly, we overrule appellant's first assignment of error.

**B.  Second and Third Assignments of Error**

{¶ 13} For ease of discussion, we address appellant's second and third assignments of error together.  In appellant's second assignment of error, he argues that the trial court should have conducted a "de novo evidentiary hearing" to determine if appellant was able to comply with the agreed judgment entries.  In appellant's third assignment of error, he

---

[2] We note that Civ.R. 52 governs this issue.

argues the trial court should have made S.P. a part of the proceedings once P.P. was adopted by S.P.

{¶ 14} A review of the record indicates that appellant neither requested the trial court to conduct a de novo hearing, nor to make S.P. a party to the proceedings. Thus, appellant urges this court to consider issues not raised at the trial court level. "It is well-settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal." *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 74 (10th Dist.); *see In re Hinkle*, 10th Dist. No 04AP-509, 2004-Ohio-6071, ¶ 29 (constitutional challenge not preserved for appeal when not raised at the trial court); s*ee also Tunison v. Atty. Gen. of Ohio*, 10th Dist. No. 03AP-457, 2004-Ohio-1062, ¶ 17 (issue not preserved for appeal where appellant failed to proffer evidence into record).

{¶ 15} In this case, the record is bereft of any request, discussion or motion by the appellant of the issues raised in either his second or third assignments of error. As such, appellant has failed to preserve the issues addressed in his second and third assignments of error for purposes of appeal.

{¶ 16} Accordingly, we overrule appellant's second and third assignments of error.

### C. Fourth Assignment of Error

{¶ 17} In appellant's fourth assignment of error, he argues the trial court's decision was contrary to law in holding that he had the ability and legal responsibility to comply with the agreed judgment entries. Specifically, appellant argues that because S.P., a stepparent of P.P., "refuses to agree" to the court-ordered visitation with the maternal relatives, it made it impossible for appellant to comply with court orders. (Tr. 40.) We disagree.

{¶ 18} We will not reverse a trial court's finding of contempt absent an abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75 (1991). "The term 'abuse of discretion' indicates more than an error of law; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Gueth v. Gueth*, 10th Dist. No. 09AP-426, 2009-Ohio-6666, ¶ 9, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 19} A finding of contempt requires three findings: an order of the court, knowledge of the order by the alleged contemnor, and a failure to comply with the prior court order. *Arthur Young & Co. v. Kelly*, 68 Ohio App.3d 287, 295 (10th Dist.1990). "A

civil contempt finding must be supported by clear and convincing evidence." *Gueth* at ¶ 8. " 'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "Once the movant has met her burden, the burden shifts to the other party to either rebut the showing of contempt or demonstrate an affirmative defense by a preponderance of the evidence." *Hopson v. Hopson*, 10th Dist. No. 04AP-1349, 2005-Ohio-6468, ¶ 19.

{¶ 20} A review of the record reveals, and appellant does not dispute, that the maternal relatives established a prima facie case of contempt. Rather, appellant argues the trial court should have held as a matter of law that it was impossible for him to comply with the agreed judgment entries because of his wife's interference.

{¶ 21} "[G]enerally, impossibility of performance is a valid defense against a contempt charge." *McDade v. McDade*, 10th Dist. No. 89AP-991 (Sept. 27, 1990). The defendant must prove the defense by a preponderance of the evidence. *Rife v. Rife*, 10th Dist. No. 11AP-427, 2012-Ohio-949, ¶ 10. "Impossibility of performance is not a valid defense where the contemnor created the impossibility by his own actions." *Ruben v. Ruben*, 10th Dist No. 12AP-717, 2013-Ohio-3924, ¶ 32. Indeed, "[t]o withhold justice from a wronged party due to the voluntary conduct of another is contrary to the principles of equity." *Wehrle v. Wehrle*, 10th Dist. No. 12AP-386, 2013-Ohio-81, ¶ 36.

{¶ 22} In this case, the trial court held appellant's "voluntary relinquishment of all decision-making power to his wife does not rise to the level of a legally sufficient basis for disobedience of this Court's order, and is not a legitimate defense," and, further, that appellant "had the present ability to comply [with court orders], yet failed to do so." (Jan. 23, 2013 Decision and Judgment Entry, 6.)

{¶ 23} Our review of the record reveals appellant testified that he is not voluntarily refusing to comply with court orders, but "[a]t this time, [S.P.] has refused the right for companionship" and that he answers to a "greater authority," his wife. (Tr. 27, 41.) The trial court noted that, although appellant was married to S.P. at the time he signed the

agreed entries at issue, S.P. had not yet adopted P.P. The evidence also reveals that, prior to P.P.'s adoption, and while married to S.P., appellant was able to facilitate visitation with the maternal relatives as ordered by the court.

{¶ 24} We agree with the trial court that appellant had the ability to comply with the court orders but failed to do so, and that the non-compliance with the court-ordered visitation was the result of such failure. Appellant's voluntary relinquishment of his parental authority to S.P., as well as his legal responsibilities and duties relating to court-ordered visitation, does not establish the defense of impossibility of performance. *Ruben* at ¶ 32. Accordingly, we overrule appellant's fourth assignment of error.

### D. Fifth Assignment of Error

{¶ 25} We interpret appellant's fifth assignment of error to assert that the agreed judgment entries became invalid upon the adoption of P.P. by S.P. because of a perceived conflict between domestic relations court and probate court. We disagree and find that the trial court correctly relied upon R.C. 3109.11, which provides:

> If either the father or mother of an unmarried minor child is deceased, the court of common pleas of the county in which the minor child resides may grant the parents and other relatives of the deceased father or mother reasonable companionship or visitation rights with respect to the minor child during the child's minority if the parent or other relative files a complaint requesting reasonable companionship or visitation rights and if the court determines that the granting of the companionship or visitation rights is in the best interest of the minor child.
>
> The remarriage of the surviving parent of the child or *the adoption of the child by the spouse of the surviving parent of the child does not affect the authority of the court under this section to grant reasonable companionship or visitation rights with respect to the child to a parent or other relative of the child's deceased father or mother.*

(Emphasis added.)

{¶ 26} In this case, the trial court held "despite the step-parent adoption of [P.P.] by [appellant's] wife, the Agreed Judgment Entry of April 21, 2011, remains a valid and enforceable court order." (Jan. 23, 2013 Decision and Judgment Entry, 5.) As stated in R.C. 3901.11 and as we have previously held, " '[a]n adoption of a child by a stepparent

does not terminate the power of the court to determine visitation rights.' " *Hollingsworth v. Hollingsworth*, 34 Ohio App.3d 13 (10th Dist.1986), quoting *Welsh v. Laffey*, 16 Ohio App.3d 110 (12th Dist.1984), syllabus; *In re Pennington*, 55 Ohio App.3d 99, 101 (4th Dist.1988).

{¶ 27} As such, in light of the foregoing, the adoption of P.P. by S.P., subsequent to issuance of the court-ordered visitation, does not excuse, as a matter of law, appellant's failure to abide by the court-ordered visitation schedule. Nor, pursuant to R.C. 3209.11, is there a conflict between the court orders setting the visitation schedule and the subsequent court order allowing adoption of P.P. by S.P.

{¶ 28} Accordingly, in light of the foregoing, we overrule appellant's fifth assignment of error.

## IV. CONCLUSION

{¶ 29} Having overruled all five of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is hereby affirmed.

*Judgment affirmed.*

DORRIAN and GREY, JJ., concur.

GREY, J., retired, formerly of the Fourth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____