[Cite as *Weidemann v. Weidemann*, 2014-Ohio-1462.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tracy Wiedemann, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-491 |
| v. | : | (C.P.C. No. 04DR-254) |
| Scott Wiedemann, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 20, 2014

*Jodelle M. D'Amico*, for appellant.

*Tracy A. Younkin*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Tracy Wiedemann (n.k.a. Maistros), appealed from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding her in contempt of court. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Tracy and defendant-appellee, Scott Wiedemann, were married in 1998. On January 23, 2004, Tracy filed for divorce. Scott filed a counterclaim for divorce on February 10, 2004, and the divorce was finalized on January 19, 2007. One minor child was born as issue of the marriage.

{¶ 3} On August 12, 2011, Scott filed a motion for a finding of contempt alleging that Tracy violated an April 12, 2011 order of the trial court. Specifically, Scott claimed that Tracy violated provisions regarding counseling for their minor child, notification of her intent to relocate, cooperation with school evaluations, notification of medical

appointments and treatment, interference with parenting time, and shared responsibility for their minor child's medical expenses. Scott also moved the court to award him attorney fees, court costs, and other expenses associated with bringing the contempt action.

{¶ 4} On August 23, 2012, a magistrate held a hearing regarding Scott's motion. In a decision dated October 22, 2012, the magistrate found that there was clear and convincing evidence establishing Tracy "violated the [April 12, 2011] order of the court regarding reimbursement of medical bills for the minor child." (R. 922-35, Magistrate's Decision, 8.) Tracy was found in contempt on that basis. All of Scott's other allegations were dismissed due to insufficient evidence. Tracy was sentenced to serve ten days in jail; however, that time was suspended provided Tracy purged her contempt by returning to Scott a $210.32 check he sent her for dental expenses that she never deposited, and by paying Scott $1,313.81 to reimburse him for the medical expenses. The magistrate also ordered Tracy to pay $1,000.00 for Scott's attorney fees, in addition to his filing fees, and court costs. The trial court adopted the magistrate's decision the day it was issued, October 22, 2012.

{¶ 5} On November 3, 2012, Tracy filed objections to the magistrate's decision, which she later supplemented. On March 6, 2013, the trial court held a hearing regarding the objections and issued a decision and entry on May 9, 2013. The court sustained Tracy's objection regarding her liability for a bill for an academic evaluation. The court overruled Tracy's remaining objections. Pertinent to this appeal, the trial court held that the evidence clearly supported the magistrate's finding that Tracy was in contempt for failure to reimburse Scott for her portion of the medical bills. The court noted, "[Tracy] herself testified that she did not reimburse [Scott]." (R. 967, Decision and Entry, 3.) The court also reviewed its April 12, 2011 order and rejected Tracy's argument that, in that order, the magistrate found Scott owed her an amount for an old dental bill which eclipsed her liability for the present medical expenses; therefore, she did not have to pay him. The court determined Tracy's defense against payment based on the alleged offset was not supported by sufficient evidence. Thus, the trial court affirmed the magistrate's finding that Tracy was in contempt of court.

{¶ 6} Tracy timely appealed to this court from the May 9, 2013 judgment.

## II. ASSIGNMENT OF ERROR

{¶ 7} Tracy presents the following assignment of error for our review:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND APPELLANT IN CONTEMPT OF COURT FOR FAILURE TO REIMBURSE APPELLEE FOR MEDICAL BILLS AND WAS AGAINST THE WEIGHT OF THE EVIDENCE

## III. DISCUSSION

{¶ 8} Pursuant to her single assignment of error, Tracy contends the trial court abused its discretion in finding her in contempt of court based on her failure to reimburse Scott for medical expenses because that finding was not supported by clear and convincing evidence. We disagree.

{¶ 9} We will not reverse a trial court's finding of contempt absent an abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75 (1991). "The term 'abuse of discretion' indicates more than an error of law; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Gueth v. Gueth*, 10th Dist. No. 09AP-426, 2009-Ohio-6666, ¶ 9, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} "A finding of contempt requires three findings: an order of the court, knowledge of the order by the alleged contemnor, and a failure to comply with the prior court order." *In re P.P.*, 10th Dist. No. 13AP-140, 2013-Ohio-4988, ¶ 19, citing *Arthur Young & Co. v. Kelly*, 68 Ohio App.3d 287, 295 (10th Dist.1990). " 'A civil contempt finding must be supported by clear and convincing evidence.' " *Id.*, quoting *Gueth* at ¶ 8. " ' Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.*, quoting *Gueth* at ¶ 8, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. Once the movant has met his burden, the burden shifts to the other party to either rebut the showing of contempt or demonstrate an affirmative defense by a preponderance of the evidence. *Id.*, citing *Hopson v. Hopson*, 10th Dist. No. 04AP-1349, 2005-Ohio-6468, ¶ 19.

{¶ 11} Tracy does not dispute that there was an order of the court in place requiring her to share the responsibility for medical expenses not covered by insurance. Furthermore, she admits she knowingly did not reimburse Scott for qualifying medical expenses for treatment of their child. Therefore, Tracy concedes the prima facie grounds for contempt. She argues against the finding of contempt based only on her assertion that she should not have to reimburse Scott for the present medical expenses because he did not reimburse her for his portion of an old dental expense. She claims Scott's liability for the old dental expense exceeds her liability for the present medical bills and, thus, serves as a total offset alleviating her obligation to pay.

{¶ 12} As she did before the trial court, Tracy directs our attention to the April 12, 2011 magistrate's decision to support her position that an offset is established in the record. However, that decision does not provide support. The magistrate found, "[w]ith regards to the payment of the dental bill, there was not clear and convincing evidence presented that [Scott] violated [a previous] Order." (R. 861, Magistrate's Decision, 11.) The magistrate further commented "*if* [Scott] has failed to reimburse [Tracy] for this dental bill, he shall do so forthwith or *risk* being found in contempt of court." (Emphasis added.) (Magistrate's Decision, 11-12.) The trial court, in adopting the magistrate's decision, did not make a ruling regarding Scott's liability for the old dental bill. Therefore, we reject Tracy's notion that Scott is responsible for a sum certain on the dental bill that can be used to offset her liability for the medical expenses. That defense is not established in the record. Additionally, because Scott's actual liability for the dental bill has never been determined by the trial court, we decline to do so for the first time on appeal. *See Barnabus Consulting Ltd. v. Riverside Health Sys., Inc.*, 10th Dist. No. 07AP-1014, 2008-Ohio-3287, ¶ 28.

{¶ 13} Tracy admits that she knowingly did not pay Scott for her portion of the medical expenses in violation of a court order, and her only defense against payment is not viable. Therefore, the trial court did not abuse its discretion when it found her in contempt of court. Accordingly, Tracy's assignment of error is overruled.

{¶ 14} We note that Tracy concluded her appellate brief by commenting that the trial court also erred in ordering her to pay Scott's attorney fees and costs. She did not assign error to that portion of the trial court's judgment, nor did she explain her position.

"[T]his court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70; *Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9; *see* App.R. 12(A)(1)(b). Therefore, we will not address Tracy's comments regarding attorney fees and costs.

## IV. CONCLUSION

{¶ 15} For these reasons, Tracy's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.