[Cite as *Meyer v. Meyer*, 2016-Ohio-8100.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JOHN K. MEYER, | : | CASE NO. CA2015-12-225 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>12/12/2016 |
| - vs - | : | |
| | : | |
| SHARON K. MEYER, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DRI14-01-0035

Fred Miller, Baden & Jones Building, 246 High Street, Hamilton, Ohio 45011, for plaintiff-appellee

Michael Masana, 220 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Sharon K. Meyer, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, disbursing disputed proceeds from the sale of a residence in a divorce action.

{¶ 2} Sharon and plaintiff-appellee, John K. Meyer, were married on September 28, 1985, and a complaint for divorce was filed on January 16, 2014. The case proceeded to

trial on August 7, 2014, and was continued in progress to October 14, 2014. Between the hearing dates, the parties filed agreed stipulations outlining the division of property, including the particulars of listing their residence for sale, which provided that:

> [John] will have exclusive occupancy of the residence and will be responsible for any and all utilities relating to the occupancy of the residence. [John] will pay the second half tax for 2013 which is due on August 4, 2014, as well as any subsequent tax bills incurred prior to the sale; and, if it is a condition of sale, any prorated real estate taxes to closing shall be shared equally between the parties. A contested issue is whether [John] should be reimbursed advancements for homeowner's insurance premiums and real estate taxes from the August, 2014 installment to closing.

{¶ 3} The trial court found the parties were entitled to a divorce on the grounds of incompatibility, adopted the parties' agreed stipulations, and ordered John's counsel to prepare a decree of divorce. On January 26, 2015, the trial court journalized a final decree of divorce. The decree included the particulars of listing their residence for sale, and provided that:

> [John] shall have exclusive occupancy of the residence and will be responsible for any and all utilities related to the occupancy of the residence. [John] will pay the second half tax bill for 2013, which is due on August 4, 2014, as well as any subsequent tax bills incurred prior to the sale; and, if it is a condition of sale, any pro-rated real estate taxes to closing shall be shared equally between the parties, as well as any homeowner's insurance premiums advanced by [John].

{¶ 4} Unlike the parties' stipulation, the language of the decree did not identify reimbursement of John for advancements of homeowner's insurance premiums and real estate taxes from the August 2014 installment to closing as a contested issue.

{¶ 5} On April 13, 2015, the sale of the marital residence closed, at which point, a dispute arose between the parties regarding reimbursement for expenditures made by John. The parties agreed to withhold $5,382.89 from the closing proceeds until they could reach a resolution. The disputed expenditures included (1) real estate taxes for 2013 and the first

half of 2014 in the total amount of $3,740.77, (2) homeowner's insurance premiums in the total amount of $1,162.53,[1] and (3) a plumbing repair bill in the total amount of $60.00. After the parties were unable to reach an agreement with respect to the expenditures, John filed a motion for accounting.

{¶ 6} After a hearing on John's motion, a magistrate issued a decision ordering John to receive one-half of his documented expenditures plus one-half the remaining balance of the escrowed funds. Accordingly, the magistrate disbursed $3,932.27 to John and $1,450.62 to Sharon.[2] In reaching this decision, the magistrate found ambiguity in the decree of divorce. The magistrate based its decision on an opinion in which we held that a "trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved." *Marron v. Marron*, 12th Dist. Warren Nos. CA2013-11-109 and CA2013-11-113, 2014-Ohio-2121, ¶ 32. Both parties objected. John objected on the basis that the magistrate should have ordered the escrowed funds divided equally between the parties with his reimbursement deducted from Sharon's share, rather than first deducting the reimbursement from the escrowed funds, and then, dividing the remaining balance between the parties. Sharon objected on the basis that the magistrate erred in finding John was entitled to reimbursement for the real estate taxes. The trial court sustained John's objection and overruled Sharon's objection.

{¶ 7} In its decision, the trial court found the language in the parties' decree of divorce to be "uncomplicated," and noted that the decree provided that John would "be responsible for" any utilities, but only that John "pay" the real estate taxes. The trial court

---

1. The total amount of homeowner's insurance premiums reflects a reduction of $403 because that amount had previously been refunded to John before the magistrate held a hearing.

2. The magistrate first allocated $2,481.65 to John for his asserted expenditures. Following this allocation, the remaining balance of the escrowed funds was $2,901.24, which the magistrate ordered to be split equally between John and Sharon, resulting in equal allocations of $1,450.62.

interpreted the different characterization as only requiring John to advance payment of real estate taxes subject to one-half reimbursement at closing. Thus, the trial court agreed with the magistrate that John was entitled to one-half of his documented expenditures, which totaled $2,481.65. However, the decision of the trial court differed in how it deducted the expenditures from Sharon's portion of the escrowed funds. First, the trial court allocated each party one-half of the total escrowed funds, or $2,691.45. Next, to reimburse John for one-half of his expenditures, the trial court deducted $2,481.65 from Sharon's disbursement and added it to John's disbursement. Accordingly, the trial court ordered that John and Sharon be disbursed $5,173.09 and $209.80 from the escrowed funds, respectively.

{¶ 8} Sharon appeals the decision of the trial court.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT IGNORED THE CLEAR LANGUAGE OF THE JUDGMENT ENTRY AND DECREE OF DIVORCE AS IT RELATES TO REIMBURSEMENT FOR EXPENSES RELATED TO THE PARTIES' REAL ESTATE.

{¶ 11} Sharon argues the language in the decree of divorce must be given its plain, ordinary, and common meaning because it is clear and unambiguous. She asserts that the trial court abused its discretion because the agreement was not ambiguous, and thus, the court erred by construing, clarifying, or interpreting the parties' agreement to mean anything outside of what the agreement specifically states. Sharon's contention is that the decree specifically states that John "shall have exclusive occupancy of the residence and be responsible for all utilities." Further, that "[John] shall pay the second half tax bill for 2013, as well as any subsequent tax bills incurred prior to sale[,]" as he was enjoying such exclusive occupancy. Sharon supports this interpretation by arguing that the decree clearly provides that the homeowner's insurance premiums advanced by John were to be shared; therefore, if

it had been the parties' intent to share the real estate taxes due prior to closing, the decree would also have identified those real estate taxes as a shared obligation. In the alternative, Sharon argues that if the decree of divorce is found ambiguous, then it should be construed against John because he drafted the document and that the trial court erred in disbursing the disputed proceeds without making reference to John's exhibit 2, resulting in a "windfall" for John.

{¶ 12} In this case, the magistrate held the decree of divorce was ambiguous. Whereas, it appears the trial court did not hold the decree ambiguous by stating that the decree's language is "uncomplicated."

{¶ 13} "Because a separation agreement is a contract, it is subject to the same rules of construction as other contracts and its interpretation is a matter of law." *Clark v. Clark*, 12th Dist. Butler No. CA2008-10-244, 2009-Ohio-2803, ¶ 12, citing *Forstner v. Forstner*, 68 Ohio App.3d 367, 372 (11th Dist.1990). Therefore, this court applies a de novo standard of review when reviewing issues of contract interpretation. *Pierce Point Cinema 10, L.L.C. v. Perin-Tyler Family Found. L.L.C.*, 12th Dist. Clermont No. CA2012-02-014, 2012-Ohio-5008, ¶ 10, citing *Smith v. Littrell*, 12th Dist. Preble No. CA2001-02-004, 2001 WL 1598301, *2 (Dec. 17, 2001). "However, once the court determines the contract to be ambiguous, it must decide the meaning of the terms in the contract." *Pierce* at ¶ 10, citing *Walter v. Agoston*, 12th Dist. Warren No. CA2003-03-039, 2004-Ohio-2488, ¶ 12.

{¶ 14} The same analytical framework applies where a trial court makes a finding that a particular clause or term is ambiguous in a decree of divorce. *See, e.g.*, *McKinney v. McKinney*, 142 Ohio App.3d 604, 609 (2d Dist.2001) (resolving ambiguity in a decree of divorce to effectuate its judgment by applying contract interpretation principles); *see also Jewett v. Jewett*, 12th Dist. Warren No. CA2013-11-110, 2014-Ohio-2343, ¶ 11 (stating the trial court has broad discretion to enforce its divorce decree when there is confusion over the

interpretation of a clause by clarifying ambiguous language). In making such determination, the trial court may consider the intent of the parties and the equities involved. *Marron v. Marron*, 12th Dist. Warren Nos. CA2013-11-109 and CA2013-11-113, 2014-Ohio-2121, ¶ 32. "This determination is a question of fact and will not be overturned on appeal absent a showing that the trial court abused its discretion." *Id.* An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} A clause is ambiguous where the language is susceptible to two or more reasonable interpretations. *Towne v. Progressive Ins. Co.*, 12th Dist. Butler No. CA2005-02-031, 2005-Ohio-7030, ¶ 9; *McKinney* at 609. Extrinsic evidence is admissible in order to interpret, but not contradict, ambiguous terms. *Pharmacia Hepar, Inc. v. Franklin*, 111 Ohio App.3d 468, 475 (12th Dist.1996).

{¶ 16} After thoroughly reviewing the decree of divorce, we find that the document is ambiguous. It is not apparent whether the purpose of the language "will be responsible for" and "will pay" is to place a different obligation upon John as to the utilities and real estate taxes, respectively. It is also ambiguous whether the language "shall be shared equally between the parties" applies only to real estate taxes pro-rated at closing or also to the homeowner's insurance premiums. Moreover, the language of the agreed stipulation provides that the issue of whether John is entitled to reimbursement for advancements made for real estate taxes coming due from August 4, 2014 to closing is "contested." This indicates that the agreed stipulation language purportedly adopted by the trial court and incorporated into the decree that real estate taxes pro-rated at closing be shared equally by the parties was not intended to apply to the real estate taxes due prior to closing. Rather, pursuant to the stipulation, the parties intended that John would advance such payment due prior to closing subject to later resolution. This is demonstrated by incorporating the agreed

stipulation language that John "will pay" the real estate taxes into the decree.

{¶ 17} However, Sharon has failed to raise an argument at any point of the proceedings—before the magistrate, to the trial court upon objection to the magistrate's decision, or upon appeal—that specifically addresses the omission of the "contested issue" language within the decree of divorce.  Rather, Sharon appears to endorse the omission of the "contested issue" language by arguing that the language used in the decree of divorce is clear and unambiguous.  This failure constitutes a forfeiture and permits the court to interpret the decree language without consideration of the "contested issue" language in the agreed stipulations.  *See In re P.P.,* 10th Dist. Franklin No. 13AP-140, 2013-Ohio-4988, ¶ 10 ("[t]he incorporation of a contested issue into an agreed entry constitutes waiver of that issue on appeal unless specifically preserved by the objecting party"); *see also Huffer v. Huffer*, 10th Dist. Franklin No. 09AP-574, 2010-Ohio-1223, ¶ 13 (holding appellant waived assigning error on appeal the substance of temporary orders when he agreed to incorporate their changes into an agreed entry).

{¶ 18} Although the trial court erred in finding the distinction between the decree language "will be responsible for" and "will pay" to be clear and unambiguous, the trial court then made individual findings as to the use of the different language and considered the intent of the parties and equities involved.  *Accord Becker v. Becker*, 12th Dist. Butler Nos. CA98-02-031 and CA98-02-036, 1999 WL 126068, *6 (Feb. 22, 1999) ("the trial court has broad discretion in clarifying ambiguous language by considering 'not only the intent of the parties but the equities involved.'"), quoting *In re Marriage of Seders*, 42 Ohio App.3d 155, 156 (9th Dist.1987).  If the trial court was unable to decipher the intent of the parties from the decree itself or extrinsic evidence, then, as Sharon argues, the trial court would have been required to interpret the decree against the drafter.  *See Gottlieb & Sons, Inc. v. Hanover Ins. Co.,* 8th Dist. Cuyahoga No. 64559, 1994 WL 144539, *5 (Apr. 21, 1994) (stating a court

should interpret a contract against the drafter only when the parties' intentions cannot be discerned from the language of the contract or extrinsic evidence). However, in this case, the trial court was not required to construe the language against the drafter because it was able to determine the intent of the parties and equities involved. *Glenn Med. Sys., Inc. v. RT Servs., L.L.C.*, 5th Dist. Stark No. 2008CA00246, 2009-Ohio-4534, ¶ 7 (stating a court should only resort to construing ambiguous language against the drafter when the court cannot determine the intent of the parties), citing *Klug v. Klug*, 2d Dist. Montgomery No. 19369, 2003-Ohio-3042, ¶ 13.

{¶ 19} The trial court explained that the use of "will be responsible for" indicated the intent that John is solely liable for all utilities. Whereas, "will pay" simply commands John to pay the real estate tax bills due prior to closing. Further, the court found the placement of a semi-colon, followed by the conjunction "and," between the clause providing for John's payment of real estate taxes due prior to closing and the clause providing for the sharing of real estate taxes pro-rated at closing and homeowner's insurance premiums, results in the expenditures paid by John being shared equally between the parties.

{¶ 20} Despite Sharon's assertion otherwise, it is unclear from the decree language that it is John's obligation to bear the full cost of the real estate taxes due prior to closing because he enjoyed exclusive occupancy of the residence. For this reason, the trial court exercised its broad discretion and clarified that John was solely responsible for all utilities during his occupancy, as "the first sentence at issue is a distinct and separate sentence concerning utilities." Thus, the trial court reasonably determined that the equitable aspects of John's exclusive occupancy were only associated with his utility bill obligations and not any of the other advancements made by John. In addition to making this equitable determination, as discussed above, the trial court found that the intent of the parties relative to the other expenditures was that they were to be shared equally based on the language used in the

decree of divorce. Therefore, as the trial court properly considered the intent of the parties and the equities involved, it did not abuse its discretion with respect to the disbursement of the disputed proceeds.

{¶ 21} Moreover, the trial court correctly modified the magistrate's disbursement of the disputed proceeds to reflect a full reimbursement of one-half of the expenditures paid by John, thereby correcting the dilution of John's share resulting from the magistrate's disbursement. Contrary to Sharon's assertion, this disbursement procedure does not result in a "windfall" for John. Rather, the disbursement reflects a reimbursement of one-half the expenses that John *has already paid* in full. Each party is individually responsible for one-half of the expenditures and is entitled to one-half of the disputed proceeds, which the trial court's disbursement accurately reflects.

{¶ 22} Finally, Sharon argues that appellee's exhibit 2, a letter written by John detailing the aforementioned expenditures, concedes he is only entitled to a maximum of one-half of the disputed proceeds. The letter states: "the following are joints bills for Sharon and I which have been paid in full by me, being advised I will receive 50% of total at closing of the home which is 2/26/2015." The trial court did not refer to this statement in its analysis of the decree of divorce. Nevertheless, even had the trial court referenced the statement in its analysis, the outcome would not have been different because the context and intent of the statement are unclear, as it is subject to more than one reasonable interpretation. The statement could be identifying John's expectation that he is to receive one-half of his expenses advanced prior to closing from Sharon's share of the disputed proceeds, or as Sharon asserts, his expectation that he is to receive one-half of the total disputed proceeds without regard to the expenditures. Because this uncertainty lies within the statement, the trial court did not act unreasonably, arbitrarily, or unconscionably by not referencing it in its analysis of the decree of divorce.

{¶ 23} Sharon's assignment of error is overruled.  Judgment affirmed.


RINGLAND and PIPER, JJ., concur.