[Cite as *Hampton v. Hampton*, 2019-Ohio-2868.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| MICHELLE L. HAMPTON, | : | |
| Appellee, | : | CASE NO. CA2018-09-119 |
| - vs - | : | O P I N I O N<br>7/15/2019 |
| | : | |
| KENNETH D. HAMPTON, | : | |
| Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12DR35468

Diehl & Hubbell, LLC, Martin E. Hubbell, 304 East Warren Street, Lebanon, Ohio 45036, for appellee

Ostrowski Law Firm Co., L.P.A., Andrea G. Ostrowski, 20 South Main Street, Springboro, Ohio 45066, for appellant

**PIPER, J.**

{¶ 1} Appellant, Kenneth Hampton ("Husband"), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, ordering him to pay spousal support arrearages to appellee, Michelle Hampton ("Wife").

{¶ 2} Husband and Wife were married in 1996 and had two children before divorcing in 2012. At the time of their separation, the parties entered a shared parenting plan regarding their children, as well as a separation agreement. Within the separation agreement, Husband agreed to pay Wife $1,000 per month in spousal support until either party's death, Wife's remarriage, or the expiration of 45 months, whichever occurred first. The separation agreement noted that the support payments "shall be modifiable in the event of cohabitation" by Wife. The agreement also specified that the trial court would not retain jurisdiction over the matter "as to the issue of amount or duration of spousal support," other than the retirement accounts of the parties.

{¶ 3} In October 2013, Wife moved into her boyfriend's home. During this time, Wife and her boyfriend had an intimate relationship and shared expenses for the home. Wife paid the electricity, garbage pickup, and cable bills, and also purchased the majority of groceries for the home. Husband stopped paying spousal support given Wife's cohabitation with her boyfriend. Soon thereafter, Wife challenged Husband's decision to stop paying her and the two agreed that Husband would pay Wife $400 per month in spousal support and allow Wife to claim their younger child on her taxes.

{¶ 4} In July 2014, Wife moved out of her boyfriend's home and the two ended their relationship. However, two months later, Wife and her boyfriend reunited and were soon engaged. In 2015, Wife and her fiancé bought a home together and Husband stopped paying spousal support once again due to Wife's cohabitation.

{¶ 5} In 2016, and after the 45-month time frame for support had passed, Wife filed a motion for contempt alleging that Husband failed to pay her spousal support according to the separation agreement at $1,000 per month. Husband countered with the agreement he and Wife made regarding the tax exemption and $400 per month support payment. A magistrate determined that the $1,000 amount was correct, and ordered Husband to pay Wife spousal

support arrearages of $18,767.52. After Husband filed objections to the magistrate's decision, the trial court upheld the magistrate's decision in part, but remanded the issue to the magistrate for consideration of Husband's equitable defenses.

{¶ 6} The magistrate determined that Husband's equitable defenses were not meritorious and ordered Husband to pay the full arrearages. Husband filed objections to the magistrate's decision, which the trial court overruled. Husband now appeals the trial court's judgment, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT'S DECISION THAT APPELLANT OWED BASED UPON THE FULL ORIGINAL AMOUNT OF SPOUSAL SUPPORT SHOULD BE REVERSED DUE TO THE PARTIES['] AGREED UPON MODIFICATION.

{¶ 9} Husband argues in his first assignment of error that the trial court erred by ordering him to pay spousal support of $1,000 per month.

{¶ 10} Because a separation agreement is a contract, it is subject to the same rules of construction as other contracts and its interpretation is a matter of law. *Clark v. Clark*, 12th Dist. Butler No. CA2008-10-244, 2009-Ohio-2803, ¶ 12. Therefore, this court applies a de novo standard of review when reviewing issues of contract interpretation. *Meyer v. Meyer*, 12th Dist. Butler No. CA2015-12-225, 2016-Ohio-8100. When confronted with an issue of contract interpretation, our role is to give effect to the intent of the parties. *Sunoco, Inc. v. Toledo Edison Co.*, 129 Ohio St.3d 397, 2011-Ohio-2720.

{¶ 11} In interpreting a contract, courts are to examine the contract as a whole and presume that the intent of the parties is reflected in the language of the contract. *Id.* The court's construction of a contract should attempt to harmonize all the provisions of the document rather than to produce conflict in them. *Pierce Point Cinema 10, LLC v. Perin-Tyler Family Found., LLC*, 12th Dist. Clermont No. CA2012-02-014, 2012-Ohio-5008, ¶ 11.

- 3 -

{¶ 12} The separation agreement here is specific and unambiguous that the amount of spousal support was modifiable upon Wife's cohabitation. During the hearing, Wife admitted that once she moved in with her boyfriend, she agreed to accept $400 a month in spousal support, and accepted $400 per month, along with the right to claim the couple's child for tax purposes.

{¶ 13} While the parties' agreement to modify spousal support to $400 per month was not filed with the court, there is nothing in the agreement that requires filing or any formal recording of the agreement. In addition to the right to modify due to cohabitation, the parties expressly provided within their separation agreement that the trial court held no jurisdiction as to the amount or duration of spousal support.[1]

{¶ 14} Wife testified that that she was unaware of how moving in with her boyfriend was going to impact her spousal support, and later reiterated that she and Husband were not "sure what our Decree meant if I moved in with someone." Once Husband stopped paying after October 2013, Wife called Husband in January and told him, "I'm pretty sure you weren't supposed to quit paying me all together because there's a clause in there* * *." Husband offered to pay Wife $400 per month and to allow Wife to claim the younger child on her taxes. Wife testified that when Husband suggested this agreement, "I said, fine."

{¶ 15} Wife claimed in her testimony that this acquiescence was not an official agreement because "we met with nobody, nothing happened * * *." However, according to the separation agreement, no formalities were required. Instead, the agreement simply provided that the parties could agree to a spousal support modification upon Wife's cohabitation, which first occurred in October 2013.

---

1. While one can argue the two provisions are inconsistent, the provisions could also be interpreted as demonstrating the parties' contemplation of any modification due to cohabitation being conducted by themselves, without court involvement.

- 4 -

{¶ 16} The trial court never found that Wife was not cohabitating, as there is ample evidence of cohabitation in the record. Wife and her fiancé testified that they shared living expenses. Wife paid utilities and bought groceries while her fiancé paid the mortgage. Both also testified to a romantic relationship with intimate relations accompanied by care and comfort provided to one another. Wife testified that she and her fiancé purchased a home and that she was on the mortgage of that home. Thus, Wife's cohabitation was clearly established.

{¶ 17} Despite Wife's clear cohabitation, the trial court reasoned that Husband "took it upon himself to stop paying spousal support rather than filing a motion with this Court requesting a modification of spousal support." However, and as previously stated, the parties' separation agreement did not retain jurisdiction for the trial court to modify spousal support and required only that the amount of spousal support "shall be modifiable in the event of cohabitation" by Wife. While it is unclear who can modify the spousal support, it is very clear that the trial court cannot. Thus, leaving it to the parties.

{¶ 18} After the parties agreed to a support payment of $400 per month and the tax exemption, Wife accepted $400 per month from Husband and claimed the younger child on her taxes. Thus, the record supports the parties' agreement through Wife's testimony, and more importantly, her acceptance of Husband's payments and use of their child as a tax exemption. Wife did not challenge the agreement, and the record does not show she took any action until 2016 when she filed a contempt motion alleging Husband's non-payment according to the terms of the separation agreement.[2]

{¶ 19} After reviewing the record, we find that Husband and Wife agreed to modify the spousal support payments to $400 as of January 2014. Thus, $400 became the new amount

---

2. By the time Wife filed her motion, spousal support would have ended by operation of the separation agreement, given that 45 months had passed.

Husband owed Wife each month.  Husband's first assignment of error is sustained, and the matter is remanded to the trial court to recalculate the amount, including arrearages if any, Husband owes Wife given their agreement to $400 per month in spousal support.

{¶ 20} Given the resolution of this assignment of error, Husband's second assignment of error is moot.

{¶ 21} Judgment reversed, and the matter is remanded for further proceedings.

RINGLAND, P.J., and S. POWELL, J., concur.